In the Matter of RICHARD J. CARSTENSEN, Attorney at Law.

No. 12913.
Decided March 19, 1975.
539 P.2d 384.

See also 167 Mont. 328, 539 P.2d 387.

Ronald F. Waterman, Helena, Mont., for appellant.
Sandall, Cavan & Edwards, Billings, Mont., for respondent.

## ORDER

On November 27, 1974, the Commission of Practice of this Supreme Court filed in the office of the Clerk a complaint charging misconduct on the part of the above named attorney. Citation was issued directing Carstensen to appear and file his written answer to the complaint within 20 days after service. No written answer or other pleading was thereafter filed and on December 26, 1974, the Commission by order set the hearing upon the complaint for January 11, 1975, and gave notice thereof.

At the time and place set for the hearing counsel for the Commission and for respondent attorney appeared and respondent's counsel was advised by the chairman of the Commission that he would be given the opportunity to be heard, even

though no answer or responsive pleading had been filed. Thereupon counsel for respondent attorney advised that the formal requirement of proof of the allegations of the complaint would be waived. Thereafter the hearing proceeded with a narrative statement by the Commission counsel. Respondent's counsel advised the Commission during the course of the hearing that at its conclusion he would request some additional time to prepare evidence on respondent's behalf in mitigation, to be submitted in affidavit form. The hearing proceeded and at the conclusion of the narrative statement by counsel for the Commission inquiry was made of respondent's attorney if he had any question to propound to the Commission's counsel and he replied that he had none. Discussion was then had with reference to the presentation of evidence by way of mitigation in affidavit form and a period of 15 days was allowed for that purpose. Opportunity was afforded respondent to make any statement he desired but he did not choose to do so. The hearing was then concluded.

On March 4, 1975, the report, findings and recommendations of the Commission were filed with the Clerk and a citation was issued to respondent, notifying him to make and file his exceptions to the report or a written election not to file exceptions within 10 days after service of the citation and copy of the report upon him. These papers were served on March 6, 1975.

On March 17, 1975, exceptions were filed with the Clerk but upon being considered by the Court they were deemed to be sham and frivolous and by reason thereof they were stricken from the record and the Court now proceeds to consider the report and recommendations of the Commission.

We quote the following portions of the findings of the hearing commission of the Commission:

"1. The acts with which the respondent attorney is charged and the allegations concerning which are undisputed resulted from his acceptance of an assignment on August 10, 1971

from the Veterans Administration as a loan closer, for remuneration, for services to be rendered to one Harvey D. Nelson, a veteran, of Broadview, Montana, in the closing of a loan made to the said veteran by the Veterans Administration in the amount of $21,000.00, which was to be secured by a first real estate mortgage upon certain real property owned by the veteran in Broadview, Montana. The respondent attorney was representing and acting for the Veterans Administration.

"2. The principal purpose of the loan was to provide funds to satisfy a trust indenture then of record against the property in favor of Evans Products Company, as beneficiary, which had provided construction financing for the veteran in the principal amount of $18,000.00.

"3. On December 14, 1972, the respondent attorney requested the Veterans Administration to issue a check in the amount of $21,000.00 payable to the veteran and to respondent attorney. This was done on December 20, 1972.

"4. Certain delays were encountered in the closing of this loan which was accomplished on February 19, 1973; on that date a mortgage was executed by the veteran to the Administrator of Veterans Affairs in the amount of $21,000.00, which mortgage was duly filed for record in Yellowstone County. On that date the respondent attorney executed a 'Direct Loan Closing Sheet' VA Form No. 26-6937 showing disbursement of proceeds to the following named payees in the following amounts:

"Evans International ('to pay mortgage for construction') _____$19,979.27
"Veterans Administration_____ 475.19
"Harvey D. Nelson_____ 537.54
"Clerk and Recorder_____ 8.00

"This closing statement was signed by the respondent attorney with his acknowledgment that he had received the loan proceeds and that he had disbursed the amounts as specified therein to the payees named above.

"5. On the same closing date the respondent attorney also executed and mailed to the Veterans Administration a 'Loan Closer's Final Report and Certificate', VA Form 26-6939, which certificate stated that the subject loan was closed in accordance with Veterans Administration instructions, that the loan was secured by a first lien on the fee simple estate of the mortgagor on the realty specified by the Veterans Administration to secure the loan, that the loan proceeds had been disbursed to the payees in the amounts shown above upon the 'Direct Loan Closing Sheet,' and that the respondent was unaware of any transactions or events affecting the title to the security or impairing the validity or priority of the lien held by the Veterans Administration and that no lien except the Veterans Administration mortgage existed of record as of the date of the certificate.

"6. The respondent did make the disbursements indicated in the 'Direct Loan Closing Sheet', except as to the reported disbursement to Evans International, which he did not disburse at that time nor at any time thereafter until the issuance of his check on September 30, 1974; the trust indenture was satisfied of record in November, 1974.

"7. On numerous occasions after February 19, 1973, the respondent attorney upon being contacted by representatives of the Veterans Administration concerning the final papers necessary to close the loan repeatedly assured the Veterans Administration representatives that he was in the process of completing the loan closing and at no time revealed to the Veterans Administration that the disbursement to Evans had not in fact been made, and concealed from the Veterans Administration information that the reported disbursement to Evans had not in fact been made.

"8. During the same period the veteran involved had no knowledge that the trustness to Evans had been satisfied and acting upon respondent's representation that the trust indenture and the indebtedness to Evans had been satisfied and

paid, the veteran paid sums only to the Veterans Administration in accordance with the terms of the note and mortgage executed by him on February 19, 1973.

"9. In September, 1974, Western Mortgage Service Company at Bellevue, Washington, successor in interest to the trust indenture held by Evans, contacted the Veterans Administration advising that its note was delinquent and its trust indenture had not been satisfied, and that as of October 1, 1974, there would be due, owing and unpaid to Western Mortgage the principal sum of $19,519.85, together with interest in the amount of $2,810.13. The respondent attorney was contacted by a legal representative of the Veterans Administration on September 16, 1974, at which time he admitted that he had not made the payment to Evans as he had reported.

"10. The respondent attorney admits that instead of paying said reported amount to Evans, that amount of money was deposited to his trust account and was subsequently used to pay other obligations. During this period, from February 19, 1973, until September 30, 1974, respondent attorney commingled the said sum of $19,979.27 with funds of his own, had full use thereof, and failed and neglected to account for the same and failed and neglected to report the same to the Veterans Administration."

Respondent submitted statements in mitigation which were considered by the Commission and the Commission reached these conclusions:

"From the substantial, clear, convincing, satisfactory and uncontroverted evidence submitted to the Hearing Committee, it now concludes:

"(a) That the respondent attorney is guilty of the charges alleged in the complaint, which charges include deception, false statements, conversion of client's funds to his own use, and concealment of information to which his client was entitled.

"(b) That the acts committed by respondent attorney are acts of misconduct and unethical practice and are contrary to the highest standards of honesty, justice and morality established for the members of the Bar of this State and to which all members, by oath, are committed, and were of such character as to demean the profession and the practice of law and bring discredit to the Bar of this State.

"(c) That the acts committed by the respondent attorney establish a pattern of conduct revealing a gross disregard for those highest standards of honesty, justice and morality in that the same were committed soon after the finding by this Commission that the respondent had committed similar acts of misconduct and unethical practice and soon after a private censure was administered, including a warning to him that in the event of future misconduct, the prior findings of this Commission would be taken into consideration in the disciplinary action to be recommended by this Commission."

The Commission recommended the respondent attorney be disbarred.

We have considered the charges made against respondent; his admissions; the uncontradicted proof of the charges; the recommendations of the Commission; and, we note that on a previous occasion respondent was before the Commission and reprimanded for professional misconduct unrelated to the present evidence. We find substantial credible evidence to sustain the recommendation of the Commission.

It is therefore ordered and adjudged that Richard J. Carstensen be disbarred; that his name be stricken from the roll of attorneys and counselors of this Court, and, that he be prohibited from practicing as an attorney and counselor in all the courts of this state.

The Clerk of this Court shall give notice of this order to Richard J. Carstensen; his counsel; the Clerks of all the dis-

trict courts in Montana; the Chairman and Secretary of the Commission on Practice; the Clerk of the Federal District Court for the District of Montana; and, the Clerk of the Ninth Circuit Court of Appeals.

It is so ordered.